CÁNDIDO NORIEGA, demandante y apelado, *v.* OBDULIO JIMÉNEZ SALTEBRÁN, demandado y apelante.

No. 6494.—*Sometido:* Noviembre 14, 1934. *Resuelto:* Diciembre 19, 1934.

*M. Guzmán Texidor,* abogado del apelante; *R. Atiles Moréu,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Cándido Noriega demandó en la Corte Municipal de Cayey a Obdulio Jiménez en cobro de $351.14 y obtuvo sentencia por $185.50. No conforme apeló para ante la Corte de Distrito de Guayama y, celebrado un nuevo juicio, la corte de distrito declaró su demanda con lugar condenando al demandado a satisfacerle la suma total reclamada.

Fué entonces que el demandado interpuso el presente recurso de apelación señalando en su alegato como único error el que sigue:

"La Corte de Distrito de Guayama, P. R., cometió error al desestimar la moción del demandado apelante para que se desestimara el recurso de apelación interpuesto por el demandante apelado, por haberse radicado en la Corte de Distrito, al objeto de formalizar su apelación, una transcripción de autos defectuosa y no autenticada debidamente."

Argumentándolo sostiene:

"La ley reglamentando las apelaciones contra sentencias de las Cortes Municipales en pleitos civiles, aprobada en marzo 11 de 1908, fué enmendada por la Ley No. 13 aprobada en 14 de noviembre de 1917. Esta Ley dispone lo siguiente en su sección 1ª:

" 'Dentro de los 20 días siguientes a la radicación del aviso de apelación, la parte apelante radicará en la secretaría de la Corte de Distrito correspondiente una transcripción de todas y cada una de las alegaciones, mociones, etc.

" 'La referida transcripción será certificada por los abogados de las partes, o por éstas, en cuanto a su exactitud, y dentro de cinco días de radicada dicha transcripción, la parte apelada podrá solicitar de la Corte de Distrito y se ordenará por ésta, si así procediere que se agregue al récord cualquier alegación, documento, orden o escrito, que constando en el récord de la Corte Municipal, se hubiere omitido y fuere necesario para la mejor resolución del caso.

" 'Si los abogados o las partes se negaren o no se pusieren de acuerdo para certificar dicha copia o récord, entonces lo hará el secretario de la Corte Municipal, a petición del apelante, etc.'

"Veamos si la transcripción elevada por Noriega a la Corte de Distrito de Guayama cumple con los requisitos de dicha Ley.

"Del récord de este caso aparece una carta o petición del abogado del demandante, Sr. Atiles Moréu, enviada al Secretario de la

Corte Municipal de Cayey, el mismo día que envió su escrito de apelación, y por dicha petición solicita del referido funcionario que 'prepare y certifique una transcripción de autos en este caso y entregue copia simple al abogado de la parte contraria a los efectos de la apelación interpuesta, etc.'

"De manera que de acuerdo con dicha moción al Secretario de la Corte Municipal de Cayey, el mismo día que Noriega radicó su escrito de apelación, aparece que nunca se pidió el consentimiento de este abogado ni del demandado Jiménez Saltebrán para certificar la transcripción de autos. Desde el primer momento, el demandante y apelante Noriega se dirigió al Secretario de la Corte Municipal de Cayey para que preparara y certificara la transcripción."

En su alegato la parte apelada dice que no constando en los autos la moción de la parte apelante en que se basa el error, no puede éste ni siquiera discutirse.

En efecto, la transcripción elevada por el demandado apelante a este Tribunal Supremo está formada por la de la radicada en la corte de distrito procedente de la municipal con más la de la sentencia de la corte de distrito y el escrito de apelación.

■■ La sentencia apelada para ante este tribunal fué dictada a virtud de la celebración de un nuevo juicio en el que, según reza la sentencia misma, se practicó prueba. Esa prueba no consta, ni consta tampoco la moción a que el error se refiere ni resolución alguna sobre el asunto por parte de la corte. En ninguna parte del récord aparece en forma alguna que la cuestión fuera levantada en la corte inferior.

Eso no obstante la hemos estudiado y a nuestro juicio de existir base suficiente en los autos para resolverla, debería serlo en contra del apelante.

Es cierto que la ley ordena que la transcripción que se radique en la corte de distrito a los efectos de la apelación sea certificada por los abogados de las partes o por éstas, y que es luego de haberlo así determinado que prescribe que si los abogados o las partes se negaren o no se pusieren de

acuerdo para certificar la copia, lo hará el secretario de la corte municipal a petición de la apelante.

Lo importante en un caso de esta naturaleza es que la copia que se radique en la corte de apelación sea auténtica, ya que va a ser el documento sobre el cual ha de actuar dicha corte, autenticidad que puede obtenerse de acuerdo con la ley por medio del certificado de los abogados, del de las partes o del del secretario.

El propósito de la Legislatura al redactar la ley en la forma en que lo hizo fué el de dar oportunidad al apelante para tramitar su recurso con el menor gasto posible, pero si el propio apelante renunciando la oportunidad no intenta siquiera ponerse de acuerdo y solicita que el secretario certifique la transcripción mediante el pago de los derechos correspondientes, no vemos que pueda interpretarse la ley de modo tal que su actuación implique la desestimación de su recurso no obstante estar la transcripción autenticada legalmente.

El acuerdo de dos partes jamás podrá existir si una de ellas se niega. Y la ley no dice que deba primero el apelante pedir al apelado que se una a él para actuar, como condición precedente para poder recurrir al Secretario si el apelado rehusa. Es significativo que la ley no se limita a decir "se negaren" si que agrega "o no se pusieren de acuerdo."

Sostiene además el apelante argumentando el error que de la propia certificación de la transcripción elevada por el secretario de la corte municipal a la corte de distrito, surge su insuficiencia.

En cuanto a este extremo, bastará decir que un ligero examen de la misma demuestra lo contrario. Dicha certificación expresa que las copias que contiene corresponden bien y fielmente con sus originales obrantes en la oficina del secretario y constituyen una transcripción completa de los documentos solicitados por el apelante. Un ejemplar de la transcripción fué entregado de acuerdo con la ley al abogado de la parte contraria sin que dicho abogado dentro del término

que la propia ley le concede pidiera que se agregara al récord cualquier alegación, documento, orden o escrito que, constando en el récord de la corte municipal se hubiere omitido y fuere necesario para la mejor resolución del caso. Si de algo peca la transcripción, es de contener en verdad más documentos de los necesarios.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Señor Aldrey no intervino.